UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:18-CR-00038(VAB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE GAROFANO | : | AUGUST 13, 2018 |

**MEMORANDUM IN AID OF SENTENCING**

The Defendant, George Garofano, respectfully submits this Memorandum In Aid of Sentencing in connection with sentencing presently scheduled for August 29, 2018.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 18, 2015, George Garofano and his parents awoke to federal agents executing a search and seizure warrant at their residence. George spoke with the special agents who arrived at his house that day regarding his involvement in the instant offense. He also "assisted the search team in identifying items in the residence which belonged to him." Consequently, George was charged with one count of Unauthorized Access to a Protected Computer to Obtain Information[1] by way of an Information filed in the United States District Court for the Central District of California. A Consent to Transfer Jurisdiction under F. R. Crim. P. Rule 20 was filed with this Court on March 5, 2018. (ECF Doc. 1). On April 11, 2018, George appeared before the Court, waived Indictment,

---

[1] In violation of 18 U.S.C. § 1030(a)(2)(c), (c)(2)(B)(ii), (c)(2)(B)(iii).

1

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

and pled guilty to Count One of the <u>Information</u>. (ECF Doc. 6). George was released on a non-surety bond at that time (ECF Doc. 10) and – having abided by the conditions of his release – has not been back before the Court until his sentencing.

Based upon the <u>Plea Agreement</u> dated April 11, 2018, the Defendant and Government agree that Mr. Garofano's guideline imprisonment range is between 10 to 16 months, based on a total offense level of 12, and his classification in Criminal History Category I. (ECF Doc. 9). The United States Probation Office has agreed with the Parties' calculation. <u>PSR</u>, pp. 9-10. The Defendant and Government reserved their right to seek a departure or a non-guidelines sentence, and/or object to same. (ECF Doc. 9 at p. 5).

Because George's guideline range falls in Zone C of the Sentencing Table, the minimum term may be satisfied by "(1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment." The substitution options under subsection (e) include intermittent confinement, community confinement, or home detention. <u>See</u> <u>U.S.S.G.</u> § 5C1.1(e).[2]

---

[2] § 5C1.1(e) provides as follows: Schedule of Substitute Punishments:
   (1) One day of intermittent confinement in prison or jail for one day of imprisonment…
   (2) One day of community confinement (residence in a community treatment center, halfway house, or similar residential facility) for one day of imprisonment;
   (3) One day of home detention for one day of imprisonment.

2

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

**II.     POST-BOOKER SENTENCING ANALYSIS**

Given the Court's experience, the Defendant need only note that the Sentencing Guidelines have been advisory since 2005. "[T]he Guidelines are not mandatory, and thus the 'range of choice dictated by the facts of the case" is significantly broadened." <u>Gall v. U.S.</u>, 552 U.S. 38, 59 (2007). The Defendant requests that this Court perform its sentencing duty in accordance with the law to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. §3553(a). Without listing them here, the Defendant will address the relevant factors under 18 U.S.C. §3553(a) below, consideration of which under the circumstances warrants a guidelines sentence of five-months imprisonment and five months of home detention.

**III.     GEORGE GAROFANO'S BACKGROUND**

George Garofano stands before the Court turning 27 years old four days after he is to be sentenced. Born in New Haven on September 2, 1991, he has three older brothers and one younger brother. Aside from when he attended college, he has spent his entire life in the Northford section of North Branford.

George enjoyed a normal, middle-class upbringing in a stable home with both his parents and several siblings. He recalls experiencing a good life in a "Free spirited" family and spending a significant amount of time at his grandmother's house in New Haven. George performed well academically and was involved in school activities. He took honors classes, played soccer, and was

3

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

on the indoor and outdoor track teams.  He also took piano lessons from elementary school through high school and continues to play recreationally.  After graduating high school in 2009, he attended Bryant College and graduated in 2013 with a Bachelor of Science Degree in Business.

George has maintained employment since he was able to become a soccer referee during high school.  While in college, George obtained employment through the work study program in Bryant University's Post Office Operations from his sophomore year through his graduation, working approximately 15 hours per week while maintaining a full-course load.  <u>Letter of Joanne T. Robertson</u>, <u>Exhibit 1</u>.  After graduation, he became employed fulltime as a bank teller.  George left his employment as a teller as the investigation into his conduct came closer to a resolution, but he did seek and maintains employment as a member of the wait staff of a local catering company.

### IV. <u>A GUIDELINE SENTENCE INCLUDING A PERIOD OF HOME DETENTION IS WARRANTED IN THIS CASE</u>

The sentence called for by the guidelines under the PSR calculation – if imposed as solely a straight sentence of imprisonment – is greater than necessary to satisfy the purposes of sentencing set forth in Section 3553(a).  As detailed above and below, a sentence within the guideline range including a period of home detention is "sufficient but not greater than necessary" pursuant to 18 U.S.C. Section 3553(a).

4

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

A. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF GEORGE GAROFANO STRONGLY SUPPORT A GUIDELINES SENTENCE INCLUDING A PERIOD OF HOME DETENTION**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996). Section 3553(a) requires the Court, to the extent possible, to closely examine who the Defendant is apart from the conduct at issue in the case. George is now almost 27 years old and, up until the instant offense, has had no involvement in the criminal justice system. The PSR reflects a conclusion that "[t]here is nothing in Mr. Garofano's history or background that would suggest he would ever engage in the offense conduct…." PSR, p. 17 ¶ 78. It is important to note that the offense conduct occurred at the end George's senior year of college and the fall of the following year. The offense conduct ended just shy of four years ago and George was visited by law enforcement authorities' three-and-a-half years ago. Of course, he was old enough to know better even back then, that the conduct he was engaging in was wrong. But he now stands before the Court having matured, accepting responsibility for his actions and having not been in trouble with the law since. The time between the offense conduct and the present provides a sound basis for this Court to find that there is nothing to suggest that he would ever engage in this or any other criminal conduct in the future.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

Those who know George best describe him as a self-less, hard-working, kind-hearted, respectful and helpful friend, son and grandson.  He is the last person his family, friends, and co-workers expected to be before the Court.  Notwithstanding the uncertainly in his life since March of 2015, George has made every effort to move forward with his life and remain a productive member of society.  He has been helped in this endeavor with the support of his family, close friends, and as of November 2017, his girlfriend.  His oldest brother Ralph, Director of Spiritual Care for the Palmetto Health Care System, describes the "emotional prison" that George has been in while waiting for his sentencing to come.  "[George] is a sensitive and thoughtful person and for years now, he has lived with his regret and guilt."  <u>Letter of Ralph Garofano</u>, <u>Exhibit 2</u>.  Ralph writes that George has been a support for his family throughout the years:  "I have many fond memories of George helping his mother around the house, caring for his grandmother who he loved deeply (and lost this past year), supporting his younger brother through challenging times…. He was also supportive and surprisingly empathetic at his age towards me during a recent painful divorce."  <u>Id</u>.

Friend Rocco Morgan grew up with George and the two have remained close.  Rocco writes that George "is the most selfless person that I have ever met.  George is the type of person that you can call at any time if you need help with something.  I cannot count how many times he has helped me."  <u>Letter of Rocco Morgan</u>, <u>Exhibit 3</u>.  George has discussed the present case with Rocco.  Rocco has concluded – as have many others – that George is "genuinely sorry for each victim

6

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

involved." Id. "He is beyond remorseful for his actions and even more for the innocent lives he has impacted as a result of them." Letter of Jaclyn Steinke, Exhibit 4. "George has true regret and feels remorseful for the pain he has caused others." Letter of Ralph Garofano, Exhibit 2.

As George has said himself in a written statement provided to Probation, what he did was "not only illegal, but morally wrong, and it will take me a while to forgive myself for this, and I am disappointed in myself for anyone that I hurt, the victims, my family, and my friends." PSR, p. 8 ¶ 24. He also wrote that "I feel remorse for anyone that could have been affected by this on any scale, public or private. It is a part of my life that I will always regret, as it has never been a reflection of who I am as an individual." Id.

George is fortunate to have the support of his family members, several of whom have written letters on his behalf. This past winter, George has recently dealt with the death of his grandmother who he was particularly close to. On his relationship with his family, his sister-in-law writes:

> As for his love and devotion for his family it is commendable and a rare quality in his generation. I have watched him care for his elderly grandmother who recently passed and I know it weights heavy on his heart. He was very compassionate and loving. I have two children who are very close in age to George and he is not only an uncle to them but a best friend. He is always positive and uplifting. He is very loyal and is truly a blessing to our family.

Letter of Tina Garofano, Exhibit 5.

7

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

Joseph Goral has known the Garofano family since 1975. As a youth soccer coach for 36 years, Mr. Goral describes George as follows:

> George Garofano was part of that youth soccer in North Branford. He was a respectful, responsible and intelligent young man throughout. He then transitioned to becoming an official referee of the youth programs and high school in the South Central area for many years after. He was always professional to the players, coaches and parents.

Letter of Joseph Goral, Exhibit 6.

Ragaa Mazen, Ph.D., a college professor and psychologist for five decades wrote the following:

> I have known Mr. Garofano since he was a very young child. I have had many contacts with him and his family. I observed and interacted with him as a child, adolescent, young adult, and a professional person. At all times, regardless of his developmental stage, he has been always courteous, kind, gentle, articulate and most helpful to others. In fact, he is so kind to people he helps the elderly and entertains younger children when they are visiting by playing with them in the yard.
>
> As I compare George with all the young people I have known as an educator I believe he has been one of the best. He was an excellent student at all levels and I expect a great future for him.

Letter of Ragaa Mazen, Ph.D., Exhibit 7.

Childhood friend Bryan Canning wrote:

> I have known George for most of my life (26 years). We grew up on the same street, going to the same school all the way up through high school. I have seen him grow into the personable young man he has become. George is one of the most caring, generous, thoughtful person anyone could meet.

8

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

> George is not only one of my best friends, he is family to me. When he told me the situation he got himself into I was shocked. I couldn't believe it. The articles make him out to be something he is not…..

Letter of Bryan Canning, Exhibit 8.

Another childhood friend, Sal Curcio wrote:

> I am writing this because George is one of the kindest, nicest and most trustworthy friend I could have ever asked for.   It may not seem like we are talking about the same person but it is true.  I have known George since middle school over a decade ago and he has always been a great person.
>
> In August 2015 I had a terrible tragedy in my family, George was one of the first to contact me and then visit my family along with others.  I will always love him like a brother for that.

Letter of Sal Curcio, Exhibit 9.

Family friend Cindy DuBell wrote:

> I have known the Garofano family for over thirty years, and George his entire life.  As a child he was outgoing, inquisitive, polite, and had a smile that lit up the room.  He excelled academically in high school and college, and is also a talented musician, among his many other achievements.
>                *           *             *
> I know he has come to understand how wrong his actions were, and though a young man at the time, should have known better.

Letter of Cindy DuBell, Exhibit 10.

These letters offer a complete picture of who George is beyond the conduct at issue in this case.  A respectful, hard-working, and compassionate man, are just some of the ways in

9

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

which his family and friends have described him.  These descriptions make it all the more difficult to understand how George ended up before this Court, but provides the Court with evidence that he can lead a life that will not bring him back before this Court.  Additional letters which have not been specifically cited are provided for the Court to review.  <u>Letters, Exhibit 11</u>.

### B. THE GOALS AND PURPOSES OF SENTENCING ARE SERVED BY A GUIDELINES SENTENCE INCLUDING HOME DETENTION.

Section 3553(a) requires the Court to consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to avoid unwarranted sentence disparities among similarly situated defendants; and to provide restitution.  Importantly, "[t]his circuit has recognized repeatedly that in deciding whether to depart downward a sentencing court may consider any pre-sentence rehabilitation that a defendant has demonstrated as well as the likelihood that probation rather than prison will facilitate a defendant's future rehabilitation." <u>United States v. K.</u>, 160 F. Supp. 2d 427, 442.  There is no reason that this Court cannot consider George's pre-sentence rehabilitation as it relates to imposing a sentence within the guidelines that includes a period of home detention.  Consideration of the Section 3553(a) factors and George's four years of pre-sentence rehabilitation warrant a guidelines sentence with home detention.

10

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

While imprisonment serves an important role in punishing offenders, it is recognized that it is not the only means to punish a defendant. In United States of America v. Willie Zimmerman, 2012 WL 3779387, *6 (Gleason, U.S.D.J.)(June 19, 2012 E.D.N.Y.)(Attached hereto as Exhibit 12), the Court noted that "[i]mprisonment is not the only way we punish. Supervised release brings with it a series of significant restrictions on a defendant's liberty." Offenders on supervised release:

> may not leave the judicial district, move, or changes jobs without notifying and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony and refrain from excessive drinking.

Id. citing Gall v. United States, 552 U.S. 38, 48-49 (2007). Home detention is even more rigid than supervised release as it "means a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office." U.S.S.G. § 5F1.2, note 1. The court is permitted to "impose other conditions of probation or supervised release appropriate to effectuate home." U.S.S.G. § 5F1.2, note 2. Given that George has never before been arrested or convicted for any crime and he has demonstrated a complete ability to not offend again as well as abide by court ordered supervision during the pendency of this case, a guidelines sentence of a brief period of incarceration and home detention is more than sufficient punishment for him. This is particularly true here in view of the punishment George has already suffered.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

A guideline sentence including a period of home detention will not lead to under-punishing Mr. Garofano. For a first felony conviction, George has been living with the weight of the reality that he would ultimately be arrested for this offense since March 18, 2015. He has been under court ordered supervision since his plea in April 2018. While George can promise to abide by any conditions imposed by the Court as a part of any sentence he receives – including home detention followed by supervised release - he has already demonstrated his ability, commitment, and desire to do so.

More recently George has engaged in and successfully completed outpatient treatment. Letter of Pamela Camporeale, MS, LADSC, Exhibit 13. Ms. Camporeale wrote that George was participatory and appears motivated to maintain his recovery and "[d]espite completing the requirement for treatment, Mr. Garofano independently requested to remain in treatment for added support, and therefore remains in treatment." Id.

This felony conviction in and of itself comes with the loss of tremendous rights and opportunities and a stigma that Mr. Garofano will have for the rest of his life. This stigma is magnified in the small town he calls home. "George's hometown life will forever be changed. He has already begun to avoid his favorite places for fear of running into town members who will now question his integrity…." Letter of Jaclyn Steinke, Exhibit 4.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

A friend of George for the past nine years, Registered Nurse Sarah McDonald explains that:

> We come from a very small town where people are desperate for something to talk about. The news spread quickly and within hours George's scarlet letter was permanent. His reputation has been ruined for an act he committed years ago.

Letter of Sarah McDonald, Exhibit 14.

While the Court must also be mindful of avoiding unwarranted sentence disparities among similarly situated defendants, this is somewhat complicated by the fact that the co-defendants' cases were resolved in other jurisdictions. Three co-defendants have been sentenced for their role in this case and a fourth is awaiting transfer to the Eastern District of Virginia for a change of plea.[3] PSR, pp. 3-4 ¶¶ 3-7. At least two of the defendants who have been sentenced share the same criminal history category of I with Mr. Garofano. United States v. Edward Majerczyk, 1:16-cr-00550 (CPK) (N.D. Ill.) (Plea Agreement, p. 6 ¶ 9.c.) (ECF Doc. 12); United States v. Emilio Herrera, 1:17-cr-00725 (AJE) (N.D. Ill.) (Plea Agreement, p. 7 ¶ 9.c.) (ECF Doc. 9). It is likely that defendant Ryan Collins also was in criminal history category I, although it is not explicitly stated in the Plea Agreement. United States v. Ryan Collins, 1:16-cr-00121 (WWC) (M.D.P.A.) (ECF Doc. 5).[4]

---

[3] As of this writing, the fourth case has not been transferred to the Eastern District of Virginia. Therefore, the plea agreement has not been filed and the terms of it are not available to this Defendant. It should be noted that the Defendant in the fourth case was charged by way of a two count Information, See United States v. Christopher Brannan, 2:18-cr-00214(SJO) (C.D.C.A.) (ECF Doc. 1), whereas Mr. Garofano was charged with only a single count.

[4] This is based upon Collins' guideline stipulations, including offense level and the joint sentencing recommendation.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

Unlike the present matter, the Government and Defendants in each of the aforementioned cases reached an agreement to make a joint sentencing recommendation.  In Herrera and Collins, the joint recommendation was for 18 months of imprisonment.  Herrera, supra, Plea Ag., p. 8 ¶ 11; Collins, supra, Plea Ag., p. 9 ¶ 12.  The joint recommendation in Majerczyk was for 9 months of imprisonment.  Majerczyk, supra, Plea Ag., p. 8 ¶ 11.  All three defendants received sentences of imprisonment:  Collins (18 months); Herrera (16 months); and Majerczyk (9 months).  Garofano PSR, p. 4 ¶¶ 4-6.  The fact that the Government and Defendants in the co-defendants' cases agreed upon a joint recommended sentence that did not include an option available to all of them – namely home detention – should not preclude George from receiving a period of home detention as part of his sentence.  George's case is also distinguishable from Herrera and Majerczyk in that the number of victims was higher in those cases.  There were more than 300 victims in the Majerczyk's case.  Majerczyk, supra, Plea Ag., p. 3 ¶ 6.  There were over 550 victims in Herrera's case.  Herrera, supra, Plea Ag., p. 2. ¶ 6.[5]  Under these circumstances, the Court can avoid an unwarranted sentence disparity by sentencing George to a guidelines sentence that includes a period of incarceration and home detention.

---

[5] The number of victims in the Collins case was not referenced in the PSR.

14

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

## V.     CONCLUSION

Mr. Garofano stands before the Court having disappointed his family, friends and himself. At a time when he should be beginning what had – and still has – the potential to be a long productive and successful career and life, he has instead been consumed by this case and its collateral consequences for more than three years.  He blames no one but himself.  The consequences of his actions will impact him for years to come, particularly as a result of the felony conviction.  But rather than allowing his arrest to destroy him and his life, he has demonstrated a commitment and ability to never appear before this or any other court again.

It is for all of the foregoing reasons that a guidelines sentence to include a period of home detention is more than sufficient to satisfy the goals of sentencing.

>RESPECTFULLY SUBMITTED,
>THE DEFENDANT
>GEORGE GAROFANO
>
>/s/ RICHARD W. LYNCH
>FEDERAL BAR NO. ct02381
>LYNCH TRAUB KEEFE & ERRANTE, P.C.
>52 TRUMBULL STREET, POB 1612
>NEW HAVEN, CT 06510
>T. 203 787 0275
>F. 203 782 0278
>Email: RLynch@ltke.com

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx

## **CERTIFICATION**

      This is to certify that the foregoing was e-filed by defendant and served by regular mail on anyone unable to accept electronic filing, on AUGUST 13, 2018.  Notice of this e-filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

                                          /s/ Richard W. Lynch, Esq.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\27000-27499\27233 George Garofano\001 CR USDC - RL\Pleadings\2018\Sentencing Memo and Exhibits\GarofanoMEMORANDUM IN AID OF SENTENCING.docx